UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN WHITE,

    Plaintiff,                        CIVIL ACTION NO. 09-CV-14631

   vs.                               DISTRICT JUDGE JOHN FEIKENS

MICHIGAN DEPARTMENT OF      MAGISTRATE JUDGE MONA K. MAJZOUB
HUMAN SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendants Michigan Department of Human Services, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett's Motion for Dismissal and/or Summary Judgment (docket no. 8) be **GRANTED IN PART** and **DENIED IN PART**, and Defendants Michigan Department of Human Services - Human Resources and Michigan Department of Civil Service's Motion for Dismissal and/or Summary Judgment (docket no. 9) be **GRANTED**.

**II.    REPORT:**

This is an employment discrimination action. Defendants move to dismiss Plaintiff's claims of discrimination under Title VII of the Civil Rights Act of 1964, and her claim that she was wrongfully denied workers compensation benefits. (Docket nos. 8, 9). Plaintiff has responded to the Defendants' motions. (Docket no. 15). Defendants filed a Reply Brief. (Docket no. 21). All pretrial matters have been referred to the undersigned for action. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for

1

ruling.

A. **Facts and Procedural History**

Plaintiff filed her *pro se* Complaint on November 30, 2009 pursuant to Title VII of the Civil Rights Act of 1964. Defendants are the Michigan Department of Human Services, its Human Resources Department, and several of its employees - Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett. Plaintiff has also named the Michigan Department of Civil Service as a Defendant.

Plaintiff's Complaint is difficult to decipher. According to the Complaint, Plaintiff is a "58 year old female, African American of dark origin with visible and non visible disabilities." (Docket no. 1 at 2). She claims that this case arises due to a "stratagem of discretionary rules, practices and conduct that allow deliberate discriminatory animus against disabled persons, older persons, people of dark origin, obese persons and those that make official discriminatory complaints." (Docket no. 1 at 3). The Complaint consists of thirty-eight "counts" in which Plaintiff "attempted to show the long term disparate treatment she endured under the Defendants and their Administrative Entities." (Docket no. 15 at 5). Plaintiff's Complaint states that her rights under Title VII of the Civil Rights Act of 1964 were violated from 2001 to 2009. She claims that "[a]s a result of the termination" she has been "denied benefits related to retirement - disqualified for the universal buy in and disqualified for the extended cobra benefits, unable to use Board of Education time." (Docket no. 1 at 3). She also claims that she was "forced into retirement and poverty based on the long term discriminatory practices of the Defendants." (Docket no. 1 at 15-16). Plaintiff further states that she should be compensated for denied workers compensation claims due to psychotic features and mental breakdown induced by the long term discrimination of the Defendants. (Docket no. 1 at 17).

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2)[1], or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket nos. 8, 9).

**B. Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir. 2002).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2) if the Court lacks jurisdiction over the Defendants. "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

---

[1] Defendants actually move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 16(b)(1) and 16(b)(2). In addition, Defendants' Motions to Dismiss cite the standard for dismissal under Rule 12(b)(6). The Court will construe Defendants motions as Motions to Dismiss and/or for Summary Judgment filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and Rule 56.

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C. Analysis**

**1. Jurisdiction**

Defendants assert that Plaintiff's Complaint should be dismissed because the Plaintiff failed to commence her lawsuit within 90 days of receipt of the EEOC's right to sue letter. (Docket nos. 8, 9). In their Reply Brief in support of their motions, Defendants now concede that Plaintiff's Complaint was filed within the requisite 90 day period. (Docket no. 21). Accordingly, Defendants' Motions to Dismiss based on Plaintiff's failure to commence her lawsuit within 90 days of receipt of the EEOC right to sue letter should be denied.

**2. Timeliness of Plaintiff's Claims**

Defendants next assert that Plaintiff's claims based upon incidents occurring on or before October 2, 2008 are time barred. In order to be considered timely under Title VII, an EEOC charge must be filed "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).

4

In response, Plaintiff claims that the EEOC charge was filed on January 29, 2009, making claims based on incidents occurring on or before April 4, 2008 time barred. Plaintiff also raises the continuing violation theory (docket no. 15 at 9), which is a narrow exception to the statute of limitations. To succeed under a continuing violation theory, Plaintiff must show that she suffered a violation of her rights within the statutory limitation period. Next, she must show that the "current violation is indicative of a pattern of similar discriminatory acts continuing from the period prior to the limitations period." *Gallagher v. Croghan Colonial Bank*, 89 F.3d 275, 278 (6th Cir. 1996). Evidence which is deemed time-barred may still be considered as "background evidence" as part of the totality of the circumstances inquiry for a claim accruing within the limitations period. *Jackson v. Quanex Corp.*, 191 F.3d 647, 668 (6th Cir. 1999).

Plaintiff alleges that Defendants engaged in long term discriminatory practices. She alleges that she suffered a violation of her rights within the statutory limitations period. (Docket no. 1 at 3). At this stage in the proceedings it is not clear which if any of the incidents falling outside of the statutory period are time-barred. Defendants motions should be denied without prejudice insofar as they are based on timeliness of Plaintiff's claims.

**3. Workers Compensation Claims**

Defendants contend that insofar as Plaintiff seeks compensation for denied workers compensation benefits, the claim should be dismissed. Plaintiff indicates that it was not her intention to assert a workers compensation claim in this Court. (Docket no. 15 at 5). Therefore, Defendants Motions to Dismiss Plaintiff's workers compensation claim should be granted and any claim seeking compensation for denied workers compensation benefits should be stricken from the Complaint.

5

**4. Failure to State a Claim**

**A. Michigan Department of Human Services - Human Resources, Michigan Department of Civil Services, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett.**

The Sixth Circuit has held that a Title VII claim cannot be brought against individual supervisory employees, but only against the employer itself. *Wathen v. Gen. Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, Plaintiff's Complaint should be dismissed against Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett.

Additionally, the Human Resources Department is a division of the alleged employer, the Michigan Department of Human Services, not the employer itself, therefore claims against the Michigan Department of Human Services - Human Resources should be dismissed.

Furthermore, Plaintiff's Complaint does not state that she was employed by the Michigan Department of Civil Services. Therefore Plaintiff has failed to state a cognizable claim against the Michigan Department of Civil Services.

**B. Michigan Department of Human Services**

Plaintiff states that the Defendants' conduct is discriminatory in violation of Title VII with respect to race, color, weight, age, and disability. (Docket no. 1 at 4). Plaintiff also alleges that she was retaliated against for the exercise of her rights under Title VII.

Title VII makes it unlawful for an employer to discriminate against an individual based on "race, color, religion, sex, or national origin." *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 390 (6th Cir. 2009). Obesity, age, and disability are not protected classes under the act. *Wanke v. Job Serv. North Dakota*, No. 2:08-cv-94, 2009 WL 1259212, at *2 (D. N.D. May 1, 2009); *Boker v. Secretary, Dept. of Treasury*, No. 1:07-cv-446, 2009 WL 3199074, at *3 n.1 (S.D. Ohio Sept. 29,

2009); *Aguilar v. Lundy Enterprises, Inc.*, No. 96-1977, 1997 WL 187381, at *2 n.3 (E.D. La. April 16, 1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 66 (5th Cir. 1993)). Therefore insofar as Plaintiff claims that she was discriminated against in violation of Title VII based on disability, age, or obesity, her claims should be dismissed.

**5. Motion for Summary Judgment**

In support of their motions Defendants submitted the EEOC right to sue letter. (Docket nos. 8, 9). Defendants have not shown that there is no genuine issue as to any material fact. The discovery and dispositive motion cut-off dates have not yet been set. Hence, the parties should be permitted to develop their arguments through discovery and submit dispositive motions in accordance with a Scheduling Order. Accordingly, Defendants' motions should be denied without prejudice.

**6. Conclusion**

In summary, this Court recommends that Plaintiff's claims against the Michigan Department of Human Services - Human Resources, Michigan Department of Civil Service, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett be dismissed. Additionally, allegations of age, disability, and obesity discrimination in violation of Title VII asserted against the Michigan Department of Human Services should be dismissed. Any claim seeking compensation for denied workers compensation benefits should be dismissed and be stricken from the Complaint. Plaintiff's *pro se* Complaint states the minimum necessary to state a claim of retaliatory discrimination under Title VII, and discrimination on the basis of race, color, and sex. Finally, on the record before it, the Court cannot find that there are no genuine issues of material fact as to the claims of race, color, sex, and retaliatory discrimination.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 14, 2010                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Jacqueline White and Counsel of record on this date.


Dated: June 14, 2010                      s/ Lisa C. Bartlett
                                                       Case Manager