

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN WHITE,
    Plaintiff,

Civil No. 09-14631
Hon. John Feikens

v.

MICHIGAN DEPARTMENT OF HUMAN SERVICES, *et al.*,
    Defendants.

___

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 22), OVERRULING OBJECTIONS (Dkt. 23), GRANTING IN PART DEFENDANTS' MOTION (Dkt. 8), GRANTING DEFENDANTS' MOTION (Dkt. 9), AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (Dkt. 24)

### I. INTRODUCTION

This is an employment discrimination action. Plaintiff's pro se Complaint alleges a "strategem of discretionary rules, practices and conduct that allow deliberate discriminatory animus against disabled persons, older persons, people of a dark origin, obese persons and those that make official discriminatory complaints." Plaintiff cites various allegedly discriminatory acts from 2001 through July 2009. Defendants have filed two Motions to Dismiss and/or for Summary Judgment: Michigan Department of Human Services ("MDHS"), Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett filed Docket No. 8, and Michigan Department of Human Services - Human Resources ("MDHS-HR") and Michigan Department of Civil Service ("MDCS") filed Docket No. 9.

In a Report and Recommendation ("Report"), Magistrate Judge Majzoub recommends that I dismiss Defendants MDHS-HR, MDCS, and all individual defendants. Accordingly, only the MDHS (Plaintiff's employer) would remain as a Defendant. Further, Magistrate Judge Majzoub recommends that I dismiss any claim seeking compensation for denied workers' compensation benefits, and any claim for discrimination based on disability, age, or obesity.

Plaintiff filed objections to the Report. For the reasons that follow, I OVERRULE Plaintiffs' objections, ADOPT Magistrate Judge Majzoub's Report, GRANT Defendants MDHS-HR and MDCS's Motion for Dismissal (Dkt. 9), and GRANT IN PART Defendants MDHS, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett's Motion for Dismissal (Dkt. 8).

In a separate motion, Plaintiff seeks leave to amend her complaint to add additional claims for disability discrimination (pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and/or the Family Medical Leave Act ("FMLA")) and retaliation for filing her 2009 EEOC charge, and to add as Defendants the Department of Civil Service and Susan Hull, the Oakland County Child & Family Services Director. For the reasons that follow, I GRANT IN PART and DENY IN PART Plaintiff's Motion to File an Amended Complaint.

## II. BACKGROUND

Plaintiff was employed by the Michigan Department of Human Services. Although it is difficult to decipher, her complaint appears to alleges some thirty-eight "counts" of discrimination, including: failure to promote/transfer, denial of workers' compensation benefits, denial of accommodation requests, "close monitoring," denial of an enclosed office/"seating accommodation," failure to provide assignments, segregation, exclusion from "management activities," assignment of "kitchen duty," "harassment by proxy," direction not to communicate with supervisors or managers,

2

"increased surveillance, retaliation and violation of privacy," cessation of phone service for one week, "unjustified performance objective and evaluation," and discharge "for alleged exhaustion of leave entitlement." Although Plaintiff alleges that all of these acts reveal a "strategem" of discrimination, the complaint is not specific as to which acts allegedly occurred as a result of her status in a protected class.

## III. ANALYSIS

### A. Legal Standard For Review Of Report And Recommendation

The filing of timely objections requires the Court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddtz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

### B. Plaintiff's Objections to the Report

**Objection #1**

In her first objection, Plaintiff appears to object to the Magistrate Judge's recommendation that Plaintiff's claims against the individual defendants and the Human Resources Department be dismissed because they were not Plaintiff's "employer," and are thus not subject to liability under Title VII. Plaintiff notes that under Michigan laws (the Persons with Disabilities Civil Rights Act

3

and Elliott-Larsen Civil Rights Act), individuals can be liable for their discriminatory acts. Plaintiff, however, did not assert claims based on Michigan law, and any amendment to add them would be futile as Eleventh Amendment immunity from suit would bar such claims in federal court. *See, e.g., Abe v. Michigan Dep't of Consumer and Industry Svcs.*, 229 F.3d 1150 (unreported table), 2000 WL 1176878, *1 (6th Cir. 2000); *Langton v. Combalecer*, No. 06-11987, 2008 WL 1749571, *2 (E.D. Mich. Apr. 11, 2008) ("Waiver of state governmental immunity to allow suit against the state in state court is not synonymous with waiver of Eleventh Amendment Immunity from suit in federal court.").

Plaintiff's Objection #1 is OVERRULED.

**Objection #2**

Plaintiff next objects to Magistrate Judge Majzoub's recommendation that the Michigan Department of Civil Services be dismissed. Plaintiff recites a series of allegations, including two denied grievances, that seem to involve the Department of Civil Service. But Plaintiff still does not allege that the Department of Civil Services was her "employer" subject to suit for Title VII purposes. Perhaps arguing in the alternative, Plaintiff generically cites "Title 1 of ADA 24 U.S.C." Plaintiff has not asserted a claim under the Americans with Disabilities Act ("ADA"), and any amendment to add such a claim would be futile as Eleventh Amendment immunity from suit would bar such claims. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 313-14 (6th Cir. 2001).

Plaintiff's Objection #2 is OVERRULED.

**Objection #3**

Plaintiff objects to Magistrate Judge Majzoub's recommendation to dismiss any claims based on disability. She alleges she has two qualified disabilities: major depression with psychotic features and chronic obstructive pulmonary disease. She alleges she was denied extended leave and other accommodations in violation of the ADA.

Plaintiff has not asserted a claim under the ADA, and as discussed, any amendment to add such a claim would be futile.

Plaintiff's Objection #3 is OVERRULED.

**C.     Plaintiff's Motion to File Amended Complaint**

Plaintiff also moves to file an amended complaint, adding as Defendants the Department of Civil Service and Susan Hull, and asserting claims for disability discrimination and retaliation for filing her 2009 EEOC charge.

Although leave to amend is freely given, a court may deny leave where the amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile where the proposed claims would be subject to dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

First, as to Plaintiff's proposed additional defendants, the Department of Civil Service already was named as a Defendant, for whom Magistrate Judge Majzoub recommended dismissal because that department was not Plaintiff's employer. Similarly, Magistrate Judge Majzoub recommended dismissal of *all* individual defendants because a Title VII claim may only be asserted

against the employer itself. Over Plaintiff's objections, I adopted the Magistrate Judge's analysis on these points. Accordingly, Plaintiff's attempts to amend her complaint to add the proposed defendants would be futile.

Next, Plaintiff apparently seeks to add claims for disability discrimination under the ADA, Family Medical Leave Act, and/or the Rehabilitation Act. Those claims would also be futile. As discussed, the MDHS is immune from suit for ADA claims. Similarly, the Sixth Circuit has held that the Eleventh Amendment immunity bars suits under the self-care provisions of the FMLA, *Touvell v. Ohio Dep't of Mental Retardation and Developmental Disabilities*, 422 F.3d 392, 399 (6th Cir. 2005), which renders Plaintiff's proposed addition of an FMLA claim futile. Finally, in order to avoid Eleventh Amendment immunity from suit for disability claims under the Rehabilitation Act, Plaintiff must establish that the state program or activity is receiving federal financial assistance under that Act. *Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 314 (6th Cir. 2001). Plaintiff's failure to allege such federal financial assistance in her Motion to Amend renders that proposed amendment futile.

Finally, Plaintiff seeks to add a "second charge of retaliation," apparently arising out of allegations asserted in a new EEOC charge filed on March 4, 2010. That Charge of Discrimination suggests that Plaintiff's employer, MDHS, terminated her in retaliation for her 2009 EEOC filing. Defendant notes that Plaintiff already has asserted a claim for retaliation in her original Complaint, which claim has survived Defendants' Motions to Dismiss. Although it is not clear on what protected activity *that* retaliation claim is based[1] – a distinction that should be pursued in discovery – it is

---

[1] It appears from the Complaint that Plaintiff believes she was retaliated against for making numerous internal complaints of discriminatory treatment. Those are separate protected activities from filing an EEOC charge, which is what the *new* retaliation claim asserts.

apparent that the original retaliation claim did not (or could not) have asserted a claim for retaliatory termination based on the filing of the 2009 EEOC charge (which was filed before her termination). Accordingly, Plaintiff is entitled to pursue a retaliatory discharge claim, and her Motion to Amend will be GRANTED IN PART with respect to that claim *only*, and only against the remaining Defendant, MDHS.

## IV. CONCLUSION

Having reviewed each objection and conducted a *de novo* review of the record and law, Plaintiffs' objections are OVERRULED, Magistrate Judge Majzoub's Report is ADOPTED, Defendants' Motion (Dkt. 8) is GRANTED IN PART, and Defendants' Motion (Dkt. 9) is GRANTED.

Plaintiff's Claims against the following Defendants are DISMISSED: Michigan Department of Human Services - Human Resources, Michigan Department of Civil Services, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garrett;

Plaintiff's claims seeking compensation for denied workers' compensation benefits are DISMISSED; and

Plaintiff's claims alleging discrimination based on obesity, age, or disability are DISMISSED.

Additionally, Plaintiff's Motion to File Amended Complaint is DENIED IN PART and GRANTED IN PART. Plaintiff is GRANTED leave to file an amended complaint adding a claim for retaliatory discharge based on her 2009 EEOC filing against the Michigan Department of Human Services only. Leave to file all other requested amendments is DENIED. Plaintiff is ORDERED

to file her amended complaint in conformance with the terms of this Order within fourteen (14) days of the entry of this Order. Any amendment filed after that date will be considered untimely and will be stricken.

**IT IS SO ORDERED.**

Date: *August 5, 2010*　　　　　　　　　　*John Feikens*
　　　　　　　　　　　　　　　　　　　　　John Feikens
　　　　　　　　　　　　　　　　　　　　　United States District Judge