**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JACQUELYN WHITE,

      Plaintiff,                          CIVIL ACTION NO. 09-CV-14631

   vs.                                   DISTRICT JUDGE NANCY G. EDMUNDS

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE MONA K. MAJZOUB
HUMAN SERVICES, et al.,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 45)

This matter comes before the Court on the Motion to Compel filed by Plaintiff on May 2, 2011. (Docket no. 45). Defendant filed a response. (Docket no. 49). All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiff states that she served her First Set of Interrogatories upon Defendant on March 30, 2011 seeking responses to twenty-four interrogatories. (Docket no. 45). Plaintiff argues that she has not yet received answers to the interrogatories and moves for an order compelling Defendant to provide full and complete responses. Defendant contends that it served responses and objections to the interrogatories on May 3, 2011. (Docket no. 49).

Plaintiff submitted a copy of her First Set of Interrogatories to Defendant. The attached proof of service shows that Plaintiff filed the interrogatories with the Clerk of the Court but does not state that she served a copy upon Defendant. (Docket no. 45). Federal Rule of Civil Procedure 33 requires a party to serve interrogatories on the party who will be responding to the requests. Federal

Rule of Civil Procedure 5(d)(1) provides that interrogatories must not be filed with the Court until they are used in the proceeding or the Court orders filing. E.D. Mich. LR 26.2(a) also provides that discovery material like interrogatories may not be filed unless they provide factual support for a motion, response, or reply.

Defendant acknowledges that it received Plaintiff's interrogatories on March 30, 2011. (Docket no. 49). The Court's September 23, 2010 Scheduling Order provides that discovery responses must be served by April 1, 2011. (Docket no. 29). Plaintiff's March 30, 2011 requests were not served in time to permit Defendant its thirty day response period permitted under Federal Rule of Civil Procedure 33. Furthermore, the Scheduling Order sets April 15, 2011 as the cut off date for discovery motions. (Docket no. 29). Plaintiff did not file the instant Motion to Compel until May 2, 2011. (Docket no. 45).

Finally, E.D. Mich. LR 7.1(a) provides that a party must seek concurrence in the relief requested before filing a motion with this Court. Plaintiff does not state in her motion that she sought concurrence from Defendant in the relief requested before she filed her motion.

Plaintiff filed her motion in violation of the Court's Scheduling Order and applicable federal and local rules. Defendant served responses and objections to Plaintiff's interrogatories. The Court will not order Defendant to provide further responses. Plaintiff's Motion to Compel (docket no. 45) will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 45) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 17, 2011          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Jacquelyn White and Counsel of Record on this date.

Dated: May 17, 2011          s/ Lisa C. Bartlett
                             Case Manager