**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JACQUELYN WHITE,

        Plaintiff,                       CIVIL ACTION NO. 09-CV-14631

  vs.                               DISTRICT JUDGE NANCY G. EDMUNDS

MICHIGAN DEPARTMENT OF       MAGISTRATE JUDGE MONA K. MAJZOUB
HUMAN SERVICES, et al.,

        Defendants.
                                                  /

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 41)**

       This matter is before the Court on Defendant Michigan Department of Human Services' Motion to Compel. (Docket no. 41). Plaintiff filed a response. (Docket no. 46). Defendant filed a reply. (Docket no. 48). All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

       Defendant served its Second Request for Production of Documents upon Plaintiff on March 15, 2011, seeking responses to seven document requests. (Docket no. 41, ex. 1). Requests nos. 1 through 3 seek documents related to social security, long-term disability, and workers-compensation benefits Plaintiff may have received. (Docket no. 41, ex. 1). Request no. 4 seeks Plaintiff's federal income tax returns from the year 2002 to present. (Docket no. 41, ex. 1). Request no. 5 seeks documents related to unemployment benefits Plaintiff may have received.[1] Plaintiff responded to

---

[1] Defendant moves for an order compelling Plaintiff to disclose economic information. Requests nos. 6 and 7 do not seek documents related to Plaintiff's economic information. Therefore, Plaintiff's responses to these requests are not in dispute and will not be addressed in

the document requests on March 31, 2011, producing a single statement of her 2010 earnings from social security and asserting a privilege related to her federal income tax returns. (Docket no. 41, ex. 2). Plaintiff also produced a privilege log asserting that her tax returns are privileged and confidential. (Docket no. 41, ex. 3). Defendant argues that Plaintiff's responses are deficient and moves for an order compelling Plaintiff to produce the requested economic information or strike Plaintiff's request for economic damages.

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery concerning any matter "that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Parties are permitted liberal discovery under the federal rules. *Lewis v. ACB Bus. Servs, Inc.*, 135 F.3d 389, 402 (6th Cir.1998). The Court has broad discretion in regulating discovery. *Rhodes v. McDannel,* 945 F.2d 117, 119 (6th Cir.1991).

"[T]ax returns are subject to discovery in civil litigation between private parties." *Credit Life Ins. Co. v. Uniworld Ins. Co. Ltd.*, 94 F.R.D. 113, 119 (S.D. Ohio 1982). However, there are limitations to when a party may be ordered to provide tax returns to an opposing party. "Tax returns do not enjoy an absolute privilege from discovery. . . . Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975) (citations omitted).

A party may seek discovery of a tax return if it is relevant to the subject matter in dispute and a compelling need exists for the return because the information is not readily available from another source. *Ruth v. Superior Consultant Holdings Corp.*, No. 99-CV-71190, 2000 WL 1769576, at *2

---

this order.

(E.D. Mich. Oct. 16, 2000). Once the party seeking production has made the required showing of relevancy, the burden then shifts to the party opposing production to identify an alternative source for the information. *Id.* (citing *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997)).

Defendant contends that its requests are relevant to determine Plaintiff's income and economic damages for the years she claims she suffered discrimination or retaliation. Plaintiff's complaint alleges that Defendant began discriminating against her in 2001, demoted her in 2003, terminated her employment in 2009, and subjected her to long term "systemic" discrimination during the course of her employment. (Docket no. 1). Plaintiff's income during this time period, including information pertaining to benefits received from long-term disability, social security, and workers-compensation, is therefore relevant to the issue of economic damages. Defendant asserts that it has no other means to produce the requested economic information. Plaintiff has not identified an alternative source for the information.

Accordingly, the Court will direct Plaintiff to produce documents responsive to Defendant's Second Request for Production of Documents nos. 1, 2, 3 and 4. Since Plaintiff denies receiving unemployment benefits, further response to Defendant's Second Request for Production of Documents no. 5 will not be ordered. The parties will be ordered to submit a stipulated protective order related to disclosure of Plaintiff's financial information. Furthermore, if releases are necessary in order for the information to be obtained, Defendant should provide those releases to Plaintiff for signature.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (docket no. 41) is **GRANTED**. On or before June 10, 2011 Plaintiff must respond to Defendant's Second Request for

Production of Documents Nos. 1 through 4 and produce the documents identified in the requests.

**IT IS FURTHER ORDERED** that the parties will submit a stipulated protective order related to disclosure of Plaintiff's financial information within seven days of entry of this Order. If they are unable to agree, they will each submit within ten days of entry of this Order, a proposed protective order from which the Court will select and enter one.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 17, 2011      s/ Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Jacquelyn White and Counsel of Record on this date.

Dated: May 17, 2011      s/ Lisa C. Bartlett
                         Case Manager